## AUTOMOBILE INS CO OF HARTFORD, CONN. v EASTERN MACHINERY CO

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5654.   Decided Dec. 11, 1939

Headley & Headley, Cincinnati, for appellee.

Henry E. Beebe, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment of the court of common pleas, reversing a judgment of the Municipal Court of Cincinnati, in favor of the defendant and entering judgment in favor of the plaintiff.

The plaintiff is a corporation engaged in the insurance business.  It issued a policy covering a shipment of freight while in transit and insuring the defendant against loss or damage, from specified causes, to the shipment while it was in transit from Evansville, Indiana, to Cincinnati, Ohio.

The shipment was damaged while in transit from a cause other than those specified in the policy delivered to the defendant, but under such circumstances as to lead both the insured and insurer to believe that the carrier was liable to respond in damages.  The insured also believed that the insurer was liable, but on inspection of the policy it found that the damage resulted from a cause not specified in the policy. The defendant asserted that it had applied and paid for insurance against all loss and not merely loss from specified causes.  It demanded that the plaintiff—the insurer—settle with it on the basis of the terms of the policy applied for rather than on the basis of the policy actually issued.  The plaintiff seems to have concluded that under the defendant's application it should not have issued the policy limiting its liability from specified causes, but should have issued a policy insuring against loss from whatever cause, subject to certain general limitations. It is agreed that one of these limitations contained in such a policy is as follows:

"1.  Warranted by the Assured free from any liability for merchandise in the possession of any carrier or other bailee, who may be liable for any loss or damage thereto and for merchandise shipped under a bill of lading containing a stipulation that the carrier may have the benefit of the insurance thereon."

It is also agreed that the bill of lading contained this provision:

"2. Any carrier or party liable on account of loss or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policy or contracts of insurance, provided that the carrier reimburse the claimant for the premium paid thereon."

These circumstances furnished the basis for a controversy between the parties as to whether the plaintiff was bound to reimburse the defendant for the loss suffered by it.

In the meantime the defendant had presented a claim to the carrier for the amount of the loss which was $990.00.

In this situation the parties entered into an agreement under which the plaintiff's agent in Cincinnati drew a draft upon it payable to the defendant. This draft is worded as follows:

"Pay to the order of the Eastern Machinery Company the sum of $990.00 as a loan pending recovery from carrier from loss or damage by damage to machinery in transit, etc."

Indorsed on this draft is this language:

"Received of the Fire & Marine Underwriters Agency of The Automobile Insurance Company of Hartford, Connecticut, the amount entered on the face of this draft as a loan in connection with claim for: Shipment November 14, 1934, to Eastern Machinery Company of Cincinnati, Ohio, via L. & N. Road.

"Said amount shall be returned to the Fire & Marine Underwriters Agency of the Automobile Insurance Company when and to the same extent recovered from any other person or persons.

"In consideration of said loan, it is agreed that we will institute and prosecute any and all suits and proceedings in our name for that purpose as we may be requested by the Fire & Marine Underwriters Agency of the Automobile Insurance Company of Hartford, Connecticut, at their expense."

The defendant indorsed this draft below the quoted language and obtained the money upon it.

What transpired between these parties constituted a substituted agreement for the contractual relation theretofore existing between them. To enter upon a consideration of the rights of the parties under the superseded agreement would be altogether superfluous. It is sufficient to know that a bona fide dispute existed. The divergence between the policy applied for and the policy actually delivered, and the difficulty of determining the rights of the parties under the conflicting provisons of the policy and the bill of lading furnished ample basis for a bona fide dispute.

On September 4th, 1935 the carrier offered the insured $37.00 in full settlement of its claim, and definitely rejected the balance of the claim.

The defendant having failed to file suit against the carrier for almost two years, although requested by the plaintiff so to do, this action was filed to recover the amount of the draft with interest.

We deem it clear that the failure of the defendant to institute an action for two years was a breach of the substituted contract which entitles the plaintiff to a judgment. The Municipal Court was in error in rendering judgment for the defendant, and the Court of Common Pleas properly reversed it. The question of greater nicety is whether it was justified in rendering judgment for the full amount of the draft.

It is true that on the face of the draft, the transaction is referred to "as a loan pending recovery from carrier for loss or damage—to machinery in transit", but, on the reverse side of the draft it is plainly stated that the amount should be returned "When and to the same extent, recovered from any

other person or persons." In addition to agreeing to pay the plaintiff the amount which it might recover the defendant also agreed to institute and prosecute any and all suits requested by the plaintiff at the plaintiff's expense, thus emphasizing that the parties contemplated that the plaintiff was interested in the energetic prosecuting of the claim against the carrier. which is inconsistent with the thought that the defendant was obliged to repay the full amount in any event.

It seems to us clear that had the defendant fulfilled its obligation to institute and prosecute the action against the carrier as requested by the plaintiff, its obligation would have been limited to paying whatever it recovered as a result of such litigation. But it violated the covenant to institute and prosecute the action against the carrier. Now what is the measure of damages for such breach?

We have found no case directly in point. There are reported cases against attorneys for failure to follow the instructions of their clients to file suit. In those cases, it is held that the measure of damage is the amount of actual loss sustained and not the nominal amount of the client's claim confided to the attorney for suit. Gilbert v Williams, 8 Mass 51; Fitch v Scott (3 How., (Miss.) 314), 34 Am. Dec. 86, with annotation at 95 et seq; King v Fourchy, 47 La Ann., 354, 16 So. 814; Cox v Livingston, 2 Watts & S. (Pa.) 103, 37 Am. Dec., 486; 2 Greenleaf on Evidence (15 ed.) 135. The same authorities indicate, however, that the burden of proof is upon the defendant to show that the loss would have been less than the nominal amount of the claim. 2 Greenleaf on Evidence (15 ed.), 578 et seq. And we are of ▮▮▮▮▮ the opinion that the same rule should be applied in this case.

The defendant presented its claim for $990.00. It represented that its machinery had been damaged to that extent. It received the draft on the assumption that it had a claim in that amount and agreed to institute and prosecute an action for that amount. If there was some defense or defect in its claim that would have prevented a recovery of the full amount, or if the carrier was insolvent, and for that reason satisfaction of the claim could not have been obtained, and for that reason the defendant would be excused from paying all or any part of the amount received from the plaintiff, such fact or facts should have been pleaded as an affirmative defense and proven by it at the trial. In the absence of any such allegation and proof, the plaintiff, prima facie, would have recovered the full amount through the action, which the defendant promised but neglected and refused to prosecute.

We find no error in the record, prejudicial to the appellant.

For these reasons, the judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ. & ROSS, J., concur.